IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH B. SMITH,

                                                             OPINION AND ORDER

                Petitioner,

                                                               08-cr-188-bbc

     v.                                                               15-cv-755-bbc

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Kenneth B. Smith has moved under 28 U.S.C. § 2255 to vacate his 2009 convictions for production of child pornography in violation of 18 U.S.C. § 2251(a) and for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  He challenges the constitutionality of 18 U.S.C. § 2251(a) on the ground that it does not prohibit the actual production of any visual depiction of any minor engaged in any sexually explicit conduct.

       Petitioner's challenge has at least three problems:  First, the constitutionality of § 2251(a) has been upheld on a number of occasions.  E.g., United States v. Baculei, 262 F.3d 322 (4th Cir. 2001) (statute within power of Congress under commerce clause, even when defendant has been unsuccessful in his efforts to actually produce a visual depiction of his sexually explicit conduct with minor).  Second, he is not in a good position to raise such a claim because the facts showed that he had made pictures of his sexually explicit conduct

1

with minors; if he is arguing that the statute is unconstitutional because it covers materials that are not circulated in interstate commerce, that argument has also been rejected. E.g., United States v. Blum, 534 F.3d 608 (7th Cir. 2008) (fact that defendant manufactured pornography at his home for private viewing did not make statute's application to him unconstitutional); see also United States v. Jeonimo-Bautista, 425 F.3d 1266 (10th Cir. 2005); United States v. Morales-De Jesus, 372 F.3d 6 (1st Cir. 2004); United States v. Holston, 343 F.3d 83 (2d Cir. 2003).

Third, petitioner failed to file his post conviction motion within one year after his conviction became final. 28 U.S.C. § 2255(f) sets a one-year limitations period for the filing of post conviction motions. The period starts running one year after the conviction becomes final. Petitioner did not appeal his conviction, which means that it became final for post conviction purposes on June 26, 2009, ten days after he was convicted. Thus, he had until one year from then, or until June 26, 2010, in which to challenge his conviction. The statute allows extra time for filing in certain specified circumstances, such as after the Supreme Court has recognized a new right and makes that right retroactively applicable to cases on collateral review or if the petitioner can show that facts supporting the claims presented could not have been discovered sooner through the exercise of due diligence. Petitioner has not suggested that he comes within any of those specified circumstances.

Petitioner says that his failure to file a timely post conviction motion is attributable to his lack of knowledge about the law, but Congress has not recognized this reason as one that would allow a late-filed motion to be filed. Accordingly, this court has no authority to

entertain a late-filed motion for post conviction relief, so petitioner's motion must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Kenneth R. Smith's motion to file a petition for post conviction relief is DENIED on the ground that it was filed more than one year after his conviction had become final. Further, it is ordered that no certificate of appealability shall issue. Defendant may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 30th day of November, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge