IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH B. SMITH,

                                                ORDER

       Petitioner,

                                                15-cv-755-bbc

  v.                                               08-cr-188-bbc

UNITED STATES OF AMERICA,

       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On November 30, 2015, this court denied a motion for post conviction relief under 28 U.S.C. § 2255 filed by petitioner Kenneth Smith, finding that he had failed to show that the statute under which he was convicted, 28 U.S.C. § 2251(a), is unconstitutional.  In his original motion, petitioner asserted that his conviction and sentence should be vacated because the government does not have the jurisdiction to regulate acts of intrastate violence and the statute he was found to have violated does not prohibit the actual production of any visual depiction of any minor engaged in any sexually explicit conduct.  I denied the motion, in part because petitioner had waited too long to bring his challenge and in part because the statute has been upheld against similar challenges on numerous occasions and he had not shown that these decisions were incorrect. On December 21, 2015, petitioner filed both a motion for clarification of the November 30 order, dkt. #5, and a motion under Fed. R.Civ. P. 59(e), seeking to alter or amend the judgment.  Dkt. #6.

       In the motion for clarification, dkt. #3, petitioner complains that the court did not

1

cite any provision in 18 U.S.C. § 2251(a) that prohibits the production of a visual depiction of sexually explicit conduct involving a minor. There is no such language in the statute, because it was not written to prohibit "the production of a visual depiction of sexually explicit conduct involving a minor." Rather, it makes criminal certain acts that *would make it possible* to produce such a depiction, including employing, using, persuading transporting a minor, with the intent that the minor engage in any sexually explicit conduct *for the purpose of* producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct. The statute does not require that an actual depiction of a live visual depiction be made; it requires only that the listed acts be taken for that purpose.

The indictment brought against petitioner did not charge him with producing a visual depiction, but with knowingly using "'Minor A' to engage in sexual explicit conduct for the purpose of producing visual depictions" when such depictions were transported in interstate commerce." Indictment, 08-cr-188, dkt. #2. Accordingly, it was not an error to find petitioner guilty of this conduct without finding that an actual visual depiction was produced. Criminalizing the acts of using minors *for the purpose of* producing visual depictions is well within the authority of Congress. United States v. Blum, 534 F.3d 608 (7th Cir. 2008) (constitutional to apply § 2251(a) to conduct of defendant who manufactured pornography at his home for private viewing).

Petitioner also contends that the government does not have jurisdiction to regulate acts of intrastate violence, but the courts have rejected that argument on numerous occasions. E.g., States v. Blum, 534 F.3d at 610 ("Congress has the power under the

2

Commerce Clause 'to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce'"; *de minimis* nature of defendant's own actions is of no consequence; focus is on individual's contribution taken together with that of many others similarly situated); United States v. Buculei, 262 F.3d 322, 328-30 (4th Cir. 2001) (finding § 2251(a) constitutional, in light of factors enumerated in United States v. Morrison, 529 U.S. 598 (2000) (statute relates to activity that has something to do with commerce or any sort of economic enterprise; statute contains express jurisdictional element that might limit its reach to activities having explicit connection with or effect on interstate commerce; legislative history or congressional findings support judgment that statute has substantial effect on interstate activity; and link between activity and substantial effect on interstate commerce is not attenuated)). Petitioner notes that in Morrison, the Supreme Court declined to find that Congress had the authority to enact the civil remedy provision of the Violence Against Women Act, stating that "'[w]hether particular operations affect interstate commerce sufficiently to come under the constitutional power of Congress to regulate them is ultimately a judicial question, not a legislative one.'" Id. at 614-15 (quoting United States v. Lopez, 514 U.S. 614 (1995) (in turn, quoting Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 273 (1964)). In Morrison, however, the Court found that the activity at issue did not substantially affect interstate commerce. No one could make the same case for child pornography.

In the order denying petitioner's initial motion for post conviction relief I pointed out that another reason for denying his motion was that he had waited well past the statutory

3

one-year period for filing his motion. In his motion for reconsideration, petitioner contends that the court erred in holding that he waited too long to file his § 2255 motion. He says that he could not have filed his motion for post conviction relief any earlier than he did, for the following reasons: In the first 30 months in which he was imprisoned, he did not want to have his legal materials with him in prison for fear that other inmates would learn that he was a convicted sex offender; for another year after that, he remained fearful of assault if he had his legal materials in his possession; and when he finally felt safe enough to ask for the materials, his former counsel sent him only a portion of the material he requested.

It is unlikely that with these assertions petitioner could prevail on his claim that he was prevented from filing his § 2255 motion earlier than he did. It appears that any delay in the filing of his motion is attributable to his own decision to delay receipt of the materials he needed for filing the motion. However, it is not necessary to inquire further into that claim, given the lack of merit of petitioner's challenges to the constitutionality of § 2251(a).

In summary, petitioner faces many obstacles to prevailing on his claim. He confirmed on the record and under oath that he had committed the acts charged against him in count one of the indictment. He agreed not to take an appeal provided he was sentenced to no more than 240 months; he received a sentence of 240 months. He does not contend that he entered his plea under duress or without understanding what he was doing. In addition, it is likely his challenge to the constitutionality of § 2251(a) is barred because he did not raise it on direct appeal and could not have done so because he had bargained away his right to appeal in exchange for a lower sentence, but it is not necessary to reach this question.

4

Nothing in either of petitioner's motions convinces me that it was a mistake to deny his § 2255 motion.

ORDER

IT IS ORDERED that petitioner Kenneth Smith's motion for clarification, dkt. #5, and his motion under Fed. R. Civ. P. 59(e) for reconsideration, dkt. #6, are DENIED.

Entered this 29th day of December, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge