IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

ORDER

Plaintiff/Defendant,

08-cr-188-bbc
15-cv-755-bbc

v.

KENNETH R. SMITH,

Defendant/Petitioner.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In 2009, defendant Kenneth Smith was found guilty of knowingly and intentionally using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Case no. 08-cr-188, dkt. #2. He entered a plea of guilty, waiving all rights to appeal his conviction and any sentence of 240 months or less. Dkts. ##12, 13. On June 16, 2009, he was sentenced to a term of 240 months, with a life term of supervised release. Dkt. #20.

More than four years later, on November 23, 2013, defendant (now in the role of a petitioner), filed a motion for post conviction relief under 28 U.S.C. § 2255, seeking relief from his conviction and sentence. Dkt. #23. The motion was docketed under both case No. 08-cr-188 and case No. 15-cv-755-bbc and denied on November 30, 2015, on several grounds: (1) petitioner had no basis to challenge the legality of the provision in 18 U.S.C. § 2251(a) prohibiting the production of a visual depiction of sexually explicit conduct

involving a minor; the provision had been upheld on many occasions; (2) contrary to petitioner's arguments, the government *does* have jurisdiction to regulate acts of intrastate violence; (3) petitioner waited to file his motion long past the statutory time for bringing such a motion; and (4) at his sentencing, petitioner chose to give up any right he would have had to challenge his sentence in return for a lower sentence. Dkt. #24, case no. 08-cr-188.

Undeterred, in February 2016, petitioner filed three motions in case no. 15-cv-755: one seeking reconsideration of the order denying his motion to vacate his sentence (dkt. #9); one seeking to petition the court to supplement his motion to vacate (dkt. #10); and one seeking clarification and reconsideration (dkt. #12). The first two were denied in a written order entered on February 23, 2016, in which petitioner was warned that it he filed any more motions, it was likely that no explanation would be given for the denial. Dkt. #11. (Although a copy of that order was not filed in case no. 08-cr-188, I will direct the clerk of court to add it to that case now.)

At present, it does not appear that defendant/petitioner has any basis on which to challenge his sentence. As recently as July 2019, the Court of Appeals for the Seventh Circuit considered and denied an attempt by defendant/petitioner to file a successive collateral attack on case no. 08-cr-188, relying on a new decision by the Supreme Court in Garza v. Idaho, 139 S. Ct. 738 (2019). The court held that although 28 U.S.C. § 2255(h)(2) allows the filing of a successive collateral attack under 28 U.S.C. § 2255(h)(2), to enforce "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," the holding had no applicability to

defendant/petitioner. <u>Smith v. U.S.</u>, No. 19-2063.

Unless and until the law changes to permit defendant/petitioner to file a successive collateral attack under 28 U.S.C. § 2255(h)(2), any documents, including motions, that defendant/petitioner files in 08-cr-188 or in 15-cv-755 will be added to his court file, but not acknowledged or docketed.

ORDER

IT IS ORDERED that defendant/petitioner's motion for reconsideration of the order denying (1) his motion to vacate his sentence (dkt. #9); (2) his petition to the court to supplement his motion to vacate (dkt. #10); and (3) his motion seeking clarification and reconsideration (dkt. #12), is DENIED.

Entered this 24th day of February, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge