UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Kenneth R. Smith )
)
v ) No.08-cr-188
) No.15-cv-755
UNITED STATES )

MOTION TO PERMIT    MOTION TO PERMIT FILING

COMES NOW, Kenneth R. Smith, pro se in the above captioned matter, in line with the holdings of Hains v Kerner, requesting this court accept this filing and grant the relief requested.

On February 24, 2020 the District Court for the Western District of Wisconsin filed an Order in response to a Motion For Redress. On March 6, 2020 Petitioner filed a timely Notice of Appeal. This notice was likely not filed in the District Court because the Order stated, "any documents, including motions, that ...petitioner files in 08-cr-188 or in 17-cv-755 will be added to his court file but not acknowldged of docketed." On March 26, 2020 petitioner sent a Motion of Appeal through the prison Legal Mail System. On May 6, 2020 petitioner filed for a status of the motion and requested a docket sheet. The clerk provided the docket sheet which indicated that this Court did not receive the motion and relevant documents.

Petitioner requests that this Court accept and file the documents enclosed herein. Issues with the prison Legal Mail System have been an ongoing problem This will be the second time petitioner had to resend motions to this court. Petitioner has enclosed a copy of the Outgiong Special Mail Receipt indicating that the original filing of this motion occured on March 26, 2020. Thank you for your time and assistance in this matter.

Sincerely,
X _____
Kenneth R. Smith

CERTIFICATE OF SERVICE

I certify that the forgoing documents were placed in the Prison Mail Box on the 19th day of May, 2020. Due to the modified schedule at this institution, I was unable to access a case manager to secure a Outgoing Special Mail Receipt. Please send acknowledgement of receipt to the address below.

                                                     Sincerely,

X   _____

Kenneth R. Smith #06790-090
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

OPI : CMC
NUMBER: FAI 5800.16C
Date : June 25, 2016
Page : 9

OUTGOING SPECIAL MAIL RECEIPT

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Address of Person Receiving Special Mail)<br>United States Court of Appeals<br>For the Seventh Circuit<br>219 S. Dearborn St.<br>Chicago, IL 60604 | (Institution Name)<br>Federal Correctional Institution<br>Fairton, NJ |
|---|---|
| (Inmate's Name and Register No., and Housing Unit)<br>Kenneth R. Smith<br># 06790-090  B-L | Date: 3-26-20 |

_____  _____ Appeal Brief
(Inmate Signature)

ENTER SIGNATURE, TITTLE AND DATE OF STAFF MEMBER RECEIVING SPECIAL MAIL

_N. Keilely_  CSW                           3/26/20
(Print/Signature and Title)            (Date Special Mail Receive from Inmate)

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Kenneth R. Smith )
) 08-cr-188
v. ) 15-cv-755
)
UNITED STATES )

MOTION OF APPEAL

COMES NOW, Kenneth R. Smith, petitioner, pro se, in the above captioned Cause, pursuant to the holdings of Haines v. Kerner, 404 U.S. 519, "[a] document filed pro se is to be liberally construed."

"It is by now axiomatic that the district court have a special responsibility to construe pro se complaints liberally and to allow ample oppertunity for amending the complaint when it appears that, by doing so, the pro se litigant would be able to state a meritorious claim. Not only is the district court to view the pro se complaint with an understanding eye, but while the court is not to become an advocate, it is incumbant on it to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." Donald v. Cook County, 95 F.3d 548 (7th Cir. 1996).

Wherefore petitioner respectfully requests this Honorable Court accept this filing.

Petitioner puts forth this appeal based upon the District Court's order dated February 24, 2020, in which the court denied petitioner's motions under Fed. R. Civ P. 60(b)(dkt #9), made false statements, and admitted violating petitioners Due Process Rights.

I. <u>Motion under Rule 60(b)</u>.

Petitioner filed a Motion for clarification (dkt #5) on December 21, 2015, which provided the basis for the Rule 60(b) Motion.
The rule 60(b) motion was filed in February of 2016.

Argument

In the denial of petitioner's 60(b) Motion, originally denied in February, 2016, but not actually filed until Febraury, 2020, the District Court stated "[n]othing in either [dkt #5 or #6] shows that it was error to find petitoner's motions under 28 U.S.C. §2255 and his two succeeding motions were untimely or without merit." Nothing could be farther from the truth. In petitioner's 60(b) Motion he pionted out the fact that, albeit less articulate, that the district court admitted that "[i]n his original motion, petitioner asserted that his conviction and sentence should be vacated because...the atatute that he was found to have violated does not prohibit the actual production of any visual depiction of any minor engaging in any sexually explicit conduct. I denied the [§2255] motion,...in part because the statute has been upheld against similar challenges on numerous occasions." IN the very next paragraph the court stated; "petitioner complains that the court did not cite any provisions in 18 U.S.C. §2255that prohibits the production of a visual depiction of sexually explicit conduct involving a minor. There is no such language in the statute, because it was not written to prohibit 'the production of a visual depiction of sexually explicit conduct involving a minor'. Rather it make criminal certain acts that would make it possible to product such a depiction." <u>Smith v. United States</u>, 2015 U.S. Dist LEXIS 172406 (W.D. Wis. 2015). This provides Prima Facie evidence that is was in fact an "error to find petitioner's motion[s]...without merit." This would have made reconsideration warrented due to the court's lack of jurisdiction.

a. <u>Jurisdiction</u>

The fact that the disrtict court provided evidence that §2251(a) does not prohibit the production of a visual depiction, it stands to reason that the district court does not have subject matter jurisdiction over a production charge. 18 U.S.C. §3231 provides; "[t]he district courts of the United States shall have original jurisdiction,... of all offenses against the laws of the

United States." Petitioner, being a person of average intellegence, takes this to mean that because 18 U.S.C. §2251(a) is a legislatively created law, an offense against that law would consist of engaging in the activity that the statute, as written, prohibits. Therefore, because production is not prohibited, the court cannot have subject matter jurisdiction over production, redering any judgements based upon production of child pornography void.

II. Abuse of Discretion.

STANDARD

"An abuse of discretion occurs where the court's decision is clearly unreasonable, arbitrary, or fanciful, is based on an erroneous conclusion of the law, the courts findings are clearly erroueous, or the record contains no evidence upon which the court rationally could have based its decision. Zafer Taahut Insaat v. Tiscaret A.S., 833 F.3d 1356, 1365 (Fed. Cir. 2016)." R-Boc Representatives, Inc. v. Minemeyer, 233 F. Supp. 3d 647 (7th Cir. 2017).

ARGUMENT

In their February 2020 order the district court stated; "Kennteh Smith was found guilty of knowingly and intentionally using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, case no.08-cr-188, dkt #2."(dkt #2 is petitioner's indictment). Petitioner asserts that this statementis clearly erroneous. According to petitioner's Warrant of Arrest (exibit 1), Pretrial Services Report (exibit 2), and his Judgement In A Criminal Case (exibit 3), petitioner was charged with, found guilty of, and convicted of production/manufacture of child pornography. Because of this fact, it stands to reason thatpetitioner's conviction for production of child pornography is based solely upon an erroneous conclusion of the law, because production is not prohibited under the charging statute.

This abuse of discretion is further compounded by this statement from the February 2020 order; "[u]nless and until the law changes to permit defendant/ petitioner to file a successive collateral attack under 28 U.S.C. §2255(h)(2), any documents, including motions, that defendant/petitioner files in 08-cr-188

or 15-cv-755 will be added to his court file, but not acknowledged or docketed." This statement is completely unreasonable and arbitrary and is in direct contridiction to petitioner's right to Due Process, as an appeal of right cannot be taken if an inferior court fails to file a document or motion, and does not make a decision on the document or motion.

III. Redress.

Again petitioner feels that it should be brought to this court's attention that, although the district court in some way responded to petitioner's original motion for redress, they still have not presented a reason for neglecting to file, or providing an answer to the unfiled motions. Petitioner sees this as an ongoing problem, because in the February 2020 order the court stated; "[a]lthough a copy of that order [dkt #11] was not filed in case no. 08-cr-188, I will direct the clerk of court to add it to that case now." Some four years later. Petitioner feels that what should disconcerting to this court is the fact that this cannot be an isolated incident.

Petitioner must also mention at this time that due to the district court's admittance that they will not be filing any of petitioner's motions, he has provided this court with a copy of the Notice of Appeal for the instant appeal.

CONCLUSION

Because the district court abused its discretion by presenting erroneous statements in its 2020 order and has shown complete contempt for petitioner's Due Precess rights, as well as this court's instructions, petitioner requests this court act in its Constitutionally mandated capacity and vacate petitioner's conviction and sentence for abuse of discretion and lack of jurisdiction of the district court.

Sincerely,

## CERTIFICATE OF SERVICE

I Kenneth Smith, certify that, due to the mailroom closure, I placed the foregoing documents in the prison mailbox on the **26th** day of March, 2020. I request a file stamped copy be returned to the address below.

Sincerely,

Kenneth Smith
FCI Fairton
P.O. Box 420
Fairton, NJ  08320

## WARRANT FOR ARREST

| United States District Court | DISTRICT WESTERN DISTRICT OF WISCONSIN | |
|---|---|---|
| United States of America<br><br>v.<br><br>Kenneth R. Smith,<br><br>Defendant. | DOCKET NO<br>08 CR 188 C | MAGISTRATE JUDGE CASE NO.<br>2009 FEB 25 PM 1:05 |
| | NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED:<br>Kenneth R. Smith<br>c/o Columbia County Jail | |

Warrant Issued on the Basis of:

[X] Indictment   [] Order of Court   [] Information   [] Complaint

TO: Any Authorized Law Enforcement Officer.

District of Arrest:                                                                 City:

**YOU ARE HEREBY COMMANDED** to arrest the above-named person and bring that person before the United States District Court to answer to the charge(s) listed below.

### DESCRIPTION OF CHARGES

Production of child pornography

IN VIOLATION OF 18 U.S.C. Section 2251(a)

Bail: DETENTION REQUESTED BY THE UNITED STATES ATTORNEY'S OFFICE

Other Conditions of Release:

| Ordered By: | Federal Judge/Magistrate Judge | Date Order: |
|---|---|---|
| Clerk of Court:<br>Peter A. Oppeneer | (By) Deputy Clerk | Date Issued: DEC 11 2008 |

### RETURN

This Warrant was received and executed with the arrest of the above-named person.

| Date Received: 12/11/08 | Date Executed: 12/31/08 |
|---|---|
| Name and Title of Arresting Officer: MICHAELIS, DUSM | Signature of Arresting Officer: |

Exibit 1

FID 1611733

PS3 (12/05)                                                              Kenneth R Smith/0758 3:08CR00188-001

CONFIDENTIAL: NOT TO BE READ BY AGENTS: This report is provided for the purpose of BAIL REPORT DETERMINATION ONLY and shall otherwise be confidential pursuant to: 18 USC 3153(c)(1).

## PRETRIAL SERVICES REPORT

| District/Office | Charge(s)(Title, Section and Description) |
|---|---|
| Western District Of Wisconsin/Madison | Title 18 U.S.C. § 2251(a) - Indictment - Production of Child Pornography |
| Judicial Officer<br>Honorable Crocker, Stephen<br>Magistrate Judge | |
| Docket Number (Year - Sequence No. - Def. No.)<br>0758 3:08CR00188-001 | Title 18 U.S.C. § 2252(a)(4) - Possession of Child Pornography |

### DEFENDANT

| Name<br>Smith, Kenneth Russell | Employment Status<br>Unemployed |
|---|---|
| Address<br>c/o Jefferson County Jail<br>411 S. Center Ave<br>Jefferson, WI 53549-1703 | |
| At Address Since<br>December 2008 | Time in Community<br>Unknown |

### INTRODUCTION:

The two-count indictment alleges that in 2007 Kenneth R. Smith allegedly produced by videotape child pornography by using a minor to engage in sexually explicit conduct. The video depicts the exhibition of a minor's genitals and pubic area. The defendant also allegedly possessed a videotape containing images of a minor engaging in sexually explicit conduct.

Mr. Smith is in state custody serving a sentence for non-payment of a fine in a Jefferson County, Wisconsin, drug offense. He will enter federal custody on December 31, 2008.

Mr. Smith is represented by Federal Defender Michael Lieberman. Attorney Lieberman declined to allow the defendant to be interviewed for this report.

The following information was gathered from the U.S. Attorney's Office, an interview with the defendant's state probation agent, and review of automated records.

### DEFENDANT HISTORY / RESIDENCE / FAMILY TIES:

According to the state probation agent, the defendant, Kenneth R. Smith, age 33, was born in Wisconsin. He does not hold a U.S. Passport and has never traveled outside of the United States.

Mr. Smith's father, Reginald Smith, lives in Watertown, Wisconsin. Reginald Smith is registered as a sex offender following a conviction for third degree sexual assault. The defendant's mother, Yvonne Smith, died in 2003.

The defendant has two sister's: Kari Hopmann of Watertown, Wisconsin, and Regina Smtih, of Beaver Dam, Wisconsin. The defendant told the state agent that he has no contact with his sisters.

Exibit 2

AO 245 B (Rev. 3/01)(N.D.W.) Case: 3:08-cr-00188-bbc Document #: 20 Filed: 06/18/2009 Page 1 of 7 Judgment - Page 1

# United States District Court
## Western District of Wisconsin

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- |
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 08-CR-188-C-01 |
| KENNETH R. SMITH | **Defendant's Attorney:** Michael W. Lieberman |

The defendant, Kenneth R. Smith, pleaded guilty to count 1 of the indictment.

Count 2 of the indictment is dismissed on the motion of the United States.

ACCORDINGLY, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 U.S.C. § 2251(a) | Manufacture Child Pornography, a Class B felony | July 4, 2007 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | |
| --- | --- | --- |
| **Defendant's Date of Birth:** | April 2, 1975 (Also used June 25, 1981) | June 16, 2009 |
| | | Date of Imposition of Judgment |
| **Defendant's USM No.:** | 06790-090 | |
| **Defendant's Residence Address:** | Transient | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | Jefferson County Jail<br>411 South Center Street<br>Jefferson, WI 53549 | Barbara B. Crabb<br>District Judge |
| | | June 17, 2009 |
| | | Date Signed: |

Exibit 3

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Kenneth R. Smith,

         08-cr-188-bbc

  v.

         15-cv-755-bbc

United States.

## NOTICE OF APPEAL

Comes now, Kenneth R. Smith, Petitioner, pro se in the above captioned matter, in line with the holdings of <u>Hains v. Kerner</u>, hoping this Court liberally construe this motion and allow the relief requested.

Petitioner brings this Notice of Appeal to this Court based upon the order dated February 24, 2020, which denied Petitioner's Motion for Reconsideration (Dkt. #9), Petitioner's Motion to Supplement (Dkt. #10) and his Motion Seeking Clarification (Dkt. #12). This notice will also allow jurisdiction to the Court of Appeals, as Petitioner is still seeking redress for the district court's failure to file two motions sent by Petitioner.

Sincerely,

_____
Kenneth R. Smith

CERTIFICATE OF SERVICE

I, Kenneth R. Smith, certify that this document was placed in the prison legal mailbox on the **6th** day of March, 2020. I request a file stamped copy be provided to the address below for proof of filing.

                                        Sincerely,

                                        Kenneth R. Smith
                                        Reg. No. 06790-090
                                        F.C.I. Fairton
                                        P.O. Box 420
                                        Fairton, NJ  08320

# AFFIDAVIT ACCOMPANYING MOTION
# FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

District Court No. __08-CR-188__
Appeal No. __15-CV-755__

v.

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: _[signature]_ | Date: __3-6-2020__ |

My issues on appeal are:

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 85.00 | $ N/A | $ 85.00 | $ N/A |
| Self-employment | $ 0 | $ N/A | $ 0 | $ N/A |
| Income from real property (such as rental income) | $ 0 | $ N/A | $ 0 | $ N/A |
| Interest and dividends | $ 0 | $ N/A | $ 0 | $ N/A |
| Gifts | $ 0 | $ N/A | $ 0 | $ N/A |
| Alimony | $ 0 | $ N/A | $ 0 | $ N/A |
| Child support | $ 0 | $ N/A | $ 0 | $ N/A |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ N/A | $ 0 | $ N/A |
| Disability (such as social security, insurance payments) | $ 0 | $ N/A | $ 0 | $ N/A |
| Unemployment payments | $ 0 | $ N/A | $ 0 | $ N/A |

1

| Public-assistance (such as welfare) | $ 0 | $ N/A | $ 0 | $ N/A |
| Other (specify): | $ 0 | $ N/A | $ 0 | $ N/A |
| Total monthly income: | $0 85.00 | $0 N/A | $0 85.00 | $0 N/A |

2. *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |

4. How much cash do you and your spouse have? $ None

   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| N/A | N/A | $ 0 | $ N/A |
| N/A | N/A | $ 0 | $ N/A |
| N/A | N/A | $ 0 | $ N/A |

If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home | Other real estate | Motor vehicle #1 | |
|---|---|---|---|
| (Value) $ 0 | (Value) $ 0 | (Value) $ | 0 |
| | | Make and year: | None |
| | | Model: | N/A |
| None | None | Registration #: | N/A |

2

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ ∅ | (Value) $ ∅ | (Value) $ ∅ |
| Make and year: None | | |
| Model: N/A | None | None |
| Registration #: N/A | | |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| None | $ ∅ | $ N/A |
| None | $ ∅ | $ N/A |
| None | $ ∅ | $ N/A |
| None | $ ∅ | $ |

7. *State the persons who rely on you or your spouse for support.*

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| None | N/A | N/A |
| None | N/A | N/A |
| None | N/A | N/A |

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) Are real estate taxes included? [ ] Yes [ ] No  Is property insurance included? [ ] Yes [ ] No | $ ∅ | $ N/A |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ ∅ | $ N/A |
| Home maintenance (repairs and upkeep) | $ ∅ | $ N/A |
| Food | $ ∅ | $ N/A |
| Clothing | $ ∅ | $ N/A |
| Laundry and dry-cleaning | $ ∅ | $ N/A |
| Medical and dental expenses | $ ∅ | $ N/A |
| Transportation (not including motor vehicle payments) | $ ∅ | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ ∅ | $ N/A |
| Insurance (not deducted from wages or included in mortgage payments) Homeowner's or renters: | $ ∅ | $ N/A |
| Life: | $ ∅ | $ N/A |
| Health: | $ ∅ | $ N/A |
| Motor vehicle: | $ ∅ | $ N/A |
| Other: | $ ∅ | $ N/A |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ ∅ | $ N/A |

3

| Installment payments | | |
|---|---|---|
| Motor vehicle: | $ ⊗ | $ N/A |
| Credit card (name): | $ ⊗ | $ N/A |
| Department store (name): | $ ⊗ | $ N/A |
| Other: | $ ⊗ | $ N/A |
| Alimony, maintenance, and support paid to others | $ ⊗ | $ N/A |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ ⊗ | $ N/A |
| Other (specify): | $ ⊗ | $ N/A |
| **Total monthly expenses:** | $ 0 ⊗ | $ 0 N/A |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

   [ ] Yes   [X] No    If yes, describe on an attached sheet.

10. *Have you spent — or will you be spending — any money for expenses or attorney fees in connection with this lawsuit?*

    [ ] Yes   [X] No    If yes, how much? _____

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*


12. *State the city and state of your legal residence:* Fairton, NJ
    *Your daytime phone number:* (__) N/A
    *Your age:* 44   *Your years of schooling:* 4
    *Last four digits of your social-security number:* 4732

4

# All Transactions

**PRINT**

| | | | |
|---|---|---|---|
| Inmate Reg #: | 06790090 | Current Institution: | Fairton FCI |
| Inmate Name: | SMITH, KENNETH | Housing Unit: | FAI-B-L |
| Report Date: | 03/18/2020 | Living Quarters: | B01-122L |
| Report Time: | 3:15:55 PM | | |

| Date/Time | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|
| 3/18/2020 7:20:58 AM | Sales - Fingerprint | ($49.45) | 20 | | $39.29 |
| 3/14/2020 6:12:19 PM | TRUL Withdrawal | $50.00 | TL0314 | | $88.74 |
| 3/5/2020 8:03:07 PM | TRUL Withdrawal | ($30.00) | TL0305 | | $38.74 |
| 3/4/2020 6:48:00 AM | Sales - Fingerprint | ($23.80) | 20 | | $68.74 |
| 3/3/2020 5:10:31 PM | TRUL Withdrawal | ($30.00) | TL0303 | | $92.54 |
| 3/3/2020 8:12:13 AM | Pre-Release Transaction | $0.00 | VIPP0220 | | |
| 3/3/2020 8:12:13 AM | Payroll - IPP | $76.60 | VIPP0220 | | $122.54 |
| 2/26/2020 6:50:37 AM | Sales - Fingerprint | ($24.90) | 9 | | $45.94 |
| 2/19/2020 11:23:51 AM | Sales - Fingerprint | ($99.95) | 66 | | $70.84 |
| 2/19/2020 6:48:56 AM | Sales - Fingerprint | $0.00 | 16 | | $170.79 |
| 2/12/2020 6:46:24 AM | Sales - Fingerprint | ($32.05) | 12 | | $170.79 |
| 2/10/2020 3:25:43 PM | TRUL Withdrawal | ($10.00) | TL0210 | | $202.84 |
| 2/9/2020 5:20:17 PM | TRUL Withdrawal | ($15.00) | TL0209 | | $212.84 |
| 2/5/2020 6:04:01 PM | TRUL Withdrawal | ($30.00) | TL0205 | | $227.84 |
| 2/5/2020 7:47:44 AM | Pre-Release Transaction | $0.00 | VIPP0120 | | |
| 2/5/2020 7:47:44 AM | Payroll - IPP | $86.60 | VIPP0120 | | $257.84 |
| 2/4/2020 6:00:22 PM | TRUL Withdrawal | ($30.00) | TL0204 | | $171.24 |
| 1/31/2020 6:19:35 PM | TRUL Withdrawal | ($10.00) | TL0131 | | $201.24 |
| 1/30/2020 7:40:01 PM | TRUL Withdrawal | ($15.00) | TL0130 | | $211.24 |
| 1/30/2020 3:10:42 PM | TRUL Withdrawal | ($30.00) | TL0130 | | $226.24 |
| 1/29/2020 7:42:18 PM | TRUL Withdrawal | ($30.00) | TL0129 | | $256.24 |
| 1/29/2020 5:09:51 PM | TRUL Withdrawal | ($30.00) | TL0129 | | $286.24 |
| 1/29/2020 6:47:15 AM | Sales - Fingerprint | ($19.65) | 14 | | $316.24 |
| 1/29/2020 5:07:45 AM | Lockbox - CD | $300.00 | 70101301 | | $335.89 |
| 1/22/2020 6:45:35 AM | Sales - Fingerprint | ($31.40) | 15 | | $35.89 |
| 1/8/2020 7:04:08 AM | Sales - Fingerprint | ($37.60) | 19 | | $67.29 |
| 1/7/2020 7:40:31 AM | Pre-Release Transaction | $0.00 | VIPP1219 | | |
| 1/7/2020 7:40:31 AM | Payroll - IPP | $86.60 | VIPP1219 | | $104.89 |
| 12/24/2019 7:04:55 AM | Sales - Fingerprint | ($9.80) | 9 | | $18.29 |
| 12/19/2019 7:30:22 AM | Sales - Fingerprint | ($23.70) | 26 | | $28.09 |
| 12/7/2019 7:18:27 AM | TRUL Withdrawal | ($30.00) | TL1207 | | $51.79 |
| 12/5/2019 11:12:37 AM | Sales - Fingerprint | ($27.75) | 1 | | $81.79 |
| 12/3/2019 2:38:00 PM | Pre-Release Transaction | $0.00 | VIPP1119 | | |
| 12/3/2019 2:38:00 PM | Payroll - IPP | $81.60 | VIPP1119 | | $109.54 |
| 11/27/2019 6:57:08 AM | Sales - Fingerprint | ($22.05) | 13 | | $27.94 |
| 11/7/2019 6:53:35 AM | Sales - Fingerprint | ($42.45) | 15 | | $49.99 |
| 11/5/2019 8:10:10 AM | Pre-Release Transaction | $0.00 | VIPP1019 | | |
| 11/5/2019 8:10:10 AM | Payroll - IPP | $71.60 | VIPP1019 | | $92.44 |
| 10/24/2019 7:14:45 AM | Sales - Fingerprint | ($90.60) | 23 | | $20.84 |
| 10/12/2019 5:21:08 PM | TRUL Withdrawal | $100.00 | TL1012 | | $111.44 |
| 10/7/2019 6:39:16 AM | Sales - Fingerprint | ($47.80) | 5 | | $11.44 |
| 10/5/2019 7:29:23 PM | TRUL Withdrawal | ($30.00) | TL1005 | | $59.24 |
| 10/5/2019 9:10:57 AM | TRUL Withdrawal | ($30.00) | TL1005 | | $89.24 |
| 10/4/2019 8:21:27 PM | TRUL Withdrawal | ($30.00) | TL1004 | | $119.24 |
| 10/4/2019 7:13:38 PM | TRUL Withdrawal | ($30.00) | TL1004 | | $149.24 |
| 10/4/2019 8:03:42 AM | Money Gram | $25.00 | 33419277 | | $179.24 |
| 10/3/2019 6:57:40 AM | Pre-Release Transaction | $0.00 | VIPP0919 | | |
| 10/3/2019 6:57:40 AM | Payroll - IPP | $91.60 | VIPP0919 | | $154.24 |
| 9/24/2019 7:16:21 AM | Sales - Fingerprint | ($11.35) | 25 | | $62.64 |
| 9/22/2019 8:54:29 PM | TRUL Withdrawal | $22.50 | TL0922 | | $73.99 |

1 2

# All Transactions

**PRINT**

| Inmate Reg #: | 06790090 | Current Institution: | Fairton FCI |
|---|---|---|---|
| Inmate Name: | SMITH, KENNETH | Housing Unit: | FAI-B-L |
| Report Date: | 03/18/2020 | Living Quarters: | B01-122L |
| Report Time: | 3:16:01 PM | | |

| Date/Time | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|
| 9/15/2019 12:12:42 PM | TRUL Withdrawal | ($30.00) | TL0915 | | $51.49 |
| 9/10/2019 7:05:10 AM | Sales - Fingerprint | ($36.70) | 22 | | $81.49 |
| 9/8/2019 5:46:35 PM | TRUL Withdrawal | $10.00 | TL0908 | | $118.19 |
| 9/8/2019 9:41:44 AM | TRUL Withdrawal | $10.00 | TL0908 | | $108.19 |
| 9/5/2019 6:16:35 AM | Pre-Release Transaction | $0.00 | UIPP0819 | | |
| 9/5/2019 6:16:35 AM | Payroll - IPP | $88.60 | UIPP0819 | | $98.19 |
| 8/29/2019 6:54:12 AM | Sales - No FP (Non-FP Session) | ($1.85) | 17 | | $9.59 |
| 8/29/2019 6:47:04 AM | TRUL Withdrawal | $10.00 | TL0829 | | $11.44 |
| 8/27/2019 7:29:56 AM | TRUL Withdrawal | ($30.00) | TL0827 | | $1.44 |
| 8/27/2019 6:48:55 AM | Sales - Fingerprint | ($44.05) | 11 | | $31.44 |
| 8/20/2019 7:07:06 AM | Sales - Fingerprint | ($48.50) | 21 | | $75.49 |
| 8/17/2019 3:07:19 PM | TRUL Withdrawal | $100.00 | TL0817 | | $123.99 |
| 8/13/2019 5:51:32 PM | TRUL Withdrawal | ($5.00) | TL0813 | | $23.99 |
| 8/13/2019 5:16:49 PM | TRUL Withdrawal | ($15.00) | TL0813 | | $28.99 |
| 8/13/2019 7:16:03 AM | Sales - Fingerprint | ($45.50) | 31 | | $43.99 |
| 8/12/2019 7:25:27 PM | TRUL Withdrawal | ($30.00) | TL0812 | | $89.49 |
| 8/12/2019 4:04:00 PM | Money Gram | $50.00 | 33419224 | | $119.49 |
| 8/6/2019 7:09:50 AM | Sales - Fingerprint | ($24.30) | 21 | | $69.49 |
| 8/5/2019 6:20:14 AM | Pre-Release Transaction | $0.00 | UIPP0719 | | |
| 8/5/2019 6:20:14 AM | Payroll - IPP | $93.60 | UIPP0719 | | $93.79 |
| 8/4/2019 8:02:56 AM | TRUL Withdrawal | ($5.00) | TL0804 | | $0.19 |
| 8/3/2019 8:12:38 PM | TRUL Withdrawal | ($15.00) | TL0803 | | $5.19 |
| 8/3/2019 6:35:30 PM | TRUL Withdrawal | ($30.00) | TL0803 | | $20.19 |
| 7/31/2019 12:04:00 PM | Western Union | $50.00 | 33319212 | | $50.19 |
| 7/30/2019 8:09:56 PM | TRUL Withdrawal | ($2.00) | TL0730 | | $0.19 |
| 7/28/2019 6:27:00 PM | TRUL Withdrawal | ($5.00) | TL0728 | | $2.19 |
| 7/28/2019 8:51:02 AM | TRUL Withdrawal | ($10.00) | TL0728 | | $7.19 |
| 7/23/2019 6:43:49 AM | Sales - Fingerprint | ($34.00) | 10 | | $17.19 |
| 7/12/2019 6:09:24 PM | TRUL Withdrawal | ($5.00) | TL0712 | | $51.19 |
| 7/11/2019 6:38:56 PM | TRUL Withdrawal | ($30.00) | TL0711 | | $56.19 |
| 7/10/2019 12:20:49 PM | Sales - Fingerprint | ($27.45) | 58 | | $86.19 |
| 7/8/2019 6:38:24 PM | TRUL Withdrawal | ($15.00) | TL0708 | | $113.64 |
| 7/8/2019 12:51:56 PM | Pre-Release Transaction | $0.00 | UIPP0619 | | |
| 7/8/2019 12:51:56 PM | Payroll - IPP | $78.80 | UIPP0619 | | $128.64 |

1 2